UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| MICHAEL J. LAGUEUX, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:11CV01933 (DJS) |
| | : | |
| BRIDGEPORT HOSPITAL SCHOOL | : | |
| OF NURSING, ET AL., | : | |
| Defendants. | : | |

RULING ON MOTIONS TO DISMISS

The *pro se* plaintiff, Michael J. Lagueux, filed this action against the defendants,

Bridgeport Hospital School of Nursing, Bridgeport Hospital, and Griffin Hospital, alleging

violations of Title IX of the Education Amendments Act of 1972, Title VII of the Civil Rights

Act of 1964, the Equal Educational Opportunities Act of 1974, and the Fourteenth Amendment

of the United States Constitution. The plaintiff claims that the defendants discriminated against

him on the basis of his gender. Currently pending before the Court are a motion to dismiss filed

by the defendant Griffin Hospital and a  partial motion to dismiss filed by the defendant

Bridgeport Hospital. Both motions were filed pursuant to Fed. R. Civ. P. 12(b)(6). For the

reasons stated below, Griffin Hospital's motion to dismiss (doc. # 13) is granted and Bridgeport

Hospital's partial motion to dismiss (doc. # 12) is granted in part and denied in part.


I. STANDARD

In considering a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), the district

court must "consider the legal sufficiency of the complaint, taking its factual allegations to be

true and drawing all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66,

71 (2d Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Turkmen v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

"In accordance with the Supreme Court's decision Bell Atlantic Corp. v. Twombly, . . . we apply a plausibility standard, which is guided by [t]wo working principles.  First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Even after Twombly, though, we remain obligated to construe a *pro se* complaint liberally."  Harris, 572 F.3d at 71-72 (internal quotation marks and citations omitted).

II. FACTS

The following facts are gleaned from the plaintiff's complaint. The plaintiff was a male nursing student at the Bridgeport Hospital School of Nursing during the fall of 2008. The plaintiff successfully completed his initial course, Nursing 101, which included a clinical component within Bridgeport Hospital. He subsequently requested a different clinical instructor for his next course, Nursing 102. In a written complaint to the Bridgeport Hospital School of

Nursing, the plaintiff stated that he had "noticed a pattern of behavior, which has progressively had the impact of interfering with my pursuit of education at Bridgeport Hospital School of Nursing." (Doc. 1, at 6). According to the plaintiff, this behavior included remarks made by his female clinical instructor about male nurses and nursing students, e.g., "Men have it easier in Nursing."(Id.). The day after he submitted his written complaint, the plaintiff told the Coordinator of the Bridgeport Hospital School of Nursing that he felt he was being singled out because he was male.

The plaintiff thereafter withdrew his request to be reassigned to a different clinical instructor but was reassigned nonetheless. His Nursing 102 clinical instruction was to take place under the direction of a different Bridgeport Hospital School of Nursing instructor and would take place at Griffin Hospital[1]. The plaintiff was not provided with a proper or timely orientation to his new clinical setting, and, as a result, was denied access to a mandatory clinical session and written up as "absent" from the session. The plaintiff received an unsatisfactory grade for the clinical component of Nursing 102, but this determination was made on the basis of standards applicable to Nursing 104, rather than the standards that applied to Nursing 102. The plaintiff was then terminated from the nursing program. His subsequent application for readmission to the Bridgeport Hospital School of Nursing was denied in 2009.

III. DISCUSSION

A. The Defendant Griffin Hospital

The defendant Griffin Hospital has moved to dismiss all claims against it for the reason

---

[1]Clinical instruction of Bridgeport Hospital School of Nursing students was provided at both Bridgeport Hospital and Griffin Hospital.

that the complaint fails to state a claim against it upon which relief can be granted. In response, the plaintiff contends that his complaint states "multiple claims [against Griffin Hospital] upon which relief can be granted." (Doc. #17, at 1). After carefully reviewing the complaint in its entirety, the Court concludes that the complaint fails to state a claim against the defendant Griffin Hospital upon which relief can be granted.

In essence, the plaintiff claims that adverse actions were taken against him after he had complained to officials within the Bridgeport Hospital School of Nursing that he was being singled out for different treatment as a nursing student on the basis of his gender. According to the plaintiff, these actions included "denying his request not to be transferred [to a different clinical instructor]," "plac[ing] him in a position to fail because they failed to grant him an opportunity to be orientated to a new clinical setting," and "allow[ing] him to be denied access to a clinical session and be written up as absent when he showed up to clinical as prepared as can be reasonably expected under the . . . circumstances . . . ." (Doc. #1, at 19). All of these claimed adverse actions were taken by one or more officials, employees, or agents of "the School," i.e., the Bridgeport Hospital School of Nursing. The complaint contains no factual allegation relating to any official, employee, or agent of the Griffin Hospital concerning any of these actions.

With regard to the defendant Griffin Hospital, the complaint alleges that the plaintiff made the following request of the Griffin Hospital Human Resources department on January 8, 2009: "I ask that you review the following documentation to see if it coincides with the core values & behaviors of Griffin Hospital." (Id. at 37). Immediately following this language in the complaint is a reference to "[d]enial of re-instatement by Senior Vice President of Patient Care Operations on 1/16/2009 by BHSN School/Bridgeport Hospital, including written admission of

failure to provide clinical supervision in timely fashion by Clinical Instructor II in violation of Connecticut Statutes regarding Medication Administration." (Id. at 38). It is not clear what "the following documentation" mentioned in the plaintiff's January 8, 2009 request might be, especially since the denial of reinstatement mentioned immediately after that reference was stated as occurring on January 16, 2009, which would have been eight days after the date of the request. In any case, the plaintiff's allegations that he requested a review of certain documentation and that Griffin Hospital failed to conduct such a review do not constitute sufficient factual matter to state a claim to relief that is plausible on its face as to any of the legal bases identified by the plaintiff in his complaint.

The Court agrees with the defendant that the complaint contains no facts that would support a claim of denial of rights or retaliation by Griffin Hospital. Since the complaint fails to state a claim upon which relief can be granted against Griffin Hospital, all claims against the defendant Griffin Hospital are dismissed.

B.  Title VII

The plaintiff's complaint includes a claim based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq* (Title VII). Title VII provides in part that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. §2000e-2(a).  The Second Circuit has determined that for purposes of Title VII  "compensation . . . is an essential condition to the existence of an employer-employee relationship." O'Connor v. Davis, 126 F.3d 112, 116 (2d Cir. 1997) (internal quotation marks omitted). In O'Connor the court found that a student performing an internship at

a hospital was not an employee of the hospital, and, for that reason, could not maintain a Title VII claim against the hospital. Id. See also Hajjar-Nejad v. George Washington University, 873 F. Supp. 2d 1, 14 (D.D.C. 2012)(a plaintiff who alleged he was improperly dismissed from medical school could not "invoke the protections of Title VII" because he was a student and not an employee of the defendant university).

In response to the defendants' contention that the plaintiff, who identifies himself  in the complaint as a nursing student, was neither an employee nor an applicant for employment at either of the defendant hospitals, the plaintiff argues that "through no fault of his own he was elevated to the status of employee from nursing student then terminated for not following regulations that apply to a licensed employee not a nursing student, and therefore must be protected by employment law such as Title VII . . . ." (Doc. # 18, at 3). As was previously noted, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court finds that the plaintiff's complaint clearly identifies him as a nursing student and not an employee of either of the two defendant hospitals. Consequently, the complaint does not state a claim to relief pursuant to Title VII that is plausible on its face. The plaintiff's claims based on Title VII are dismissed.

C. Equal Educational Opportunities Act of 1974

The plaintiff has also raised a claim based on the Equal Educational Opportunities Act of 1974, 20 U.S.C. §1701, *et seq*. (the EEOA). The EEOA expressly declares the policy of the United States to be that "all children enrolled in public schools are entitled to equal educational

opportunity without regard to race, color, sex, or national origin . . . ." 20 U.S.C. §1701(a). As

noted by the defendants, there are no facts in the complaint which could support a claim that the

plaintiff was enrolled in a public school at the time he was a nursing student. In fact, he was

enrolled as a nursing student at a private institution which, according to the plaintiff, is "a

corporation incorporated under the laws of Connecticut. . . ." (Doc. # 1, at 1). As a result, the

complaint does not state a claim to relief pursuant to the EEOA that is plausible on its face. See

Khan v. Educational Commission for Foreign Medical Graduates, No. CIV.A. 00-1701, 2000

WL 1763671, at *1 (E.D.Pa. Nov. 30, 2000) (the plaintiff could not maintain an EEOA claim on

the basis of a complaint that did not indicate he was enrolled in a public school). The plaintiff's

claims based on the EEOA are dismissed.

D. Fourteenth Amendment

The plaintiff's complaint invokes "[t]he Fourteenth Amendment of the Constitution."[2]

(Doc. # 1, at 2). The complaint also states that each of the defendants "is a corporation

incorporated under the laws of Connecticut and having a main office at [a stated address in]

Connecticut." (Id. at 1).

The Fourteenth Amendment "applies only to state action," and "'offers no shield' against

private conduct, 'however discriminatory or wrongful.'" Cooper v. United States Postal Service,

577 F.3d 479, 491 (2d Cir. 2009) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345,

349 (1974)). In order to maintain a  claim under the Fourteenth Amendment against any of the

---

[2]A properly plead Fourteenth Amendment claim could be raised pursuant to 42 U.S.C. §1983:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any
State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the
deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable
to the party injured in an action at law . . . ."

defendants, the complaint would have to contain sufficient factual matter to state a plausible claim that action taken by such defendant(s) constituted state action. Although the complaint contains references to federal funding received by one or more of the defendants, such funding does not demonstrate that those defendants were state actors. See Schneider v. Arc of Montgomery County, 497 F. Supp. 2d 651, 654 (E.D. Pa. 2007) (Non-profit corporations' receipt of public funds did not establish that they were state actors for purposes of 42 U.S.C. §1983). Nor would the fact that the defendants were subject to state regulation demonstrate that their actions were those of the state. See Purgess v. Sharrock, 806 F. Supp. 1102, 1111 (S.D.N.Y. 1992) ("Even if the state does regulate hospitals, such regulation does not establish the requisite state action [for purposes of a constitutional claim pursuant to 42 U.S.C. §1983].")

The complaint does not state a claim to relief pursuant to the Fourteenth Amendment that is plausible on its face. The plaintiff's claims based on the Fourteenth Amendment are dismissed.

E. The Defendant Bridgeport Hospital School of Nursing

The defendant Bridgeport Hospital has moved to dismiss all claims against the Bridgeport Hospital School of Nursing for the reason that the School of Nursing is a department of Bridgeport Hospital and not a separate legal entity. The defendant attached an affidavit from the Director of Bridgeport Hospital School of Nursing in support of this contention.

The motion to dismiss filed by the defendant Bridgeport Hospital explicitly states that it is brought "[p]ursuant to Federal Rule of Civil Procedure 12(b)(6) . . . ." (Doc. #12, at 1). "Consideration of extraneous material in judging the sufficiency of a complaint [for purposes of a Rule 12(b)(6) motion] is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2) . . . . " Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002). "[A]

plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion . . . ." Id. at 153.

Here the plaintiff has alleged in his complaint that the "Defendant Bridgeport Hospital School of Nursing is a corporation incorporated under the laws of Connecticut . . . ." (Doc. #1, at 1).  Under these circumstances, the Court may not consider the affidavit attached to the defendant Bridgeport Hospital's motion to dismiss without converting the motion to one for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). The Court elects to exclude the affidavit rather than convert the defendant's motion to one for summary judgment. The Court sees no prejudice to the defendants in this approach, since the same issue can  properly be considered in connection with the defendants' motion for summary judgment. The defendant's motion to dismiss all claims against the defendant Bridgeport Hospital School of Nursing is denied.


IV. CONCLUSION

For the foregoing reasons, the motion to dismiss filed by the defendant Griffin Hospital (**doc. # 13**) is **GRANTED** and the partial motion to dismiss filed by the defendant Bridgeport Hospital  (**doc. # 12**) is **GRANTED in part and DENIED in part**.

All claims against the defendant Griffin Hospital are dismissed.

The Title VII, Equal Educational Opportunities Act, and Fourteenth Amendment claims against the defendants Bridgeport Hospital and Bridgeport Hospital School of Nursing are dismissed.

This case will proceed only as to the Title IX claims against the defendants Bridgeport

Hospital and Bridgeport Hospital School of Nursing.


**So ORDERED** this    27th    day of March, 2013.



___/s/ DJS_____
       Dominic J. Squatrito
       United States District Judge